SEALED BY ORDER OF THE COURT

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| | |
|---|---|
| United States of America<br>v.<br>JOHN JUNIOR FRITZ<br><br>Defendant(s) | Case No. MJ25-01230 KJM<br><br>FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1) |

**FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII**
Sep 19, 2025 3:35 PM
Lucy H. Carrillo, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **April 15, 2025** in the county of **Honolulu** in the District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(A) | FRITZ, the defendant, knowingly and intentionally possessed with the intent to distribute a controlled substance – 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent Andrew Beckman
Printed name and title

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: September 19, 2025

City and state: Honolulu, Hawaii

_____
Kenneth J. Mansfield
United States Magistrate Judge

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

REBECCA PERLMUTTER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: Rebecca.Perlmutter@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CASE NO. MJ25- 01230 KJM |
|---|---|---|
| Plaintiff, | ) ) | AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT |
| vs. | ) ) | |
| JOHN JUNIOR FRITZ, | ) ) | |
| Defendant. | ) ) | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew J. Beckman, being duly sworn telephonically, state the following is true and correct to the best of my knowledge and belief:

BACKGROUND

1. This affidavit is submitted for the purpose of establishing probable cause that, on or about April 15, 2025, John Junior Fritz ("FRITZ"), the defendant, knowingly and intentionally possessed with the intent to distribute a controlled

substance, namely 50 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

2. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 21 of the United States Code.

3. I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been since December 2024. As a Special Agent with the DEA, my duties include the investigation of violations of federal laws concerning the transportation, importation, manufacture, possession, and distribution of controlled substances. I completed approximately 17 weeks of Federal Law Enforcement Training, graduating from the DEA Basic Agent Training Program in December 2024, with training in legal, tactical, and investigative skills. I am currently assigned to the Honolulu District Office in Honolulu, Hawaii. In connection with my official duties, I investigate criminal violations of federal drug laws and related offenses-including violations of Title 21, United States Code, 801 et seq., and the Federal Controlled Substance Act. I am familiar with and have used many of the traditional methods of investigation, including, visual surveillance, informant and

witness interviews, defendant debriefings, undercover operations, and the seizure of drug evidence.  During my employment with DEA, I have become knowledgeable with the enforcement of Federal laws pertaining to narcotics and dangerous drugs.  In particular, I have become versed in the methodology utilized in narcotics trafficking operations, the specific language used by narcotic traffickers, the unique trafficking patterns employed by narcotics organizations, and their patterns of drug abuse.  My training and experience as a Special Agent, my participation in a multitude of investigations, and my interactions with other agents, as well as with other state and local law enforcement officer's familiar with drug investigations, form the basis of the opinions and conclusions set forth below, which I have drawn from the facts set forth herein.

4.     This affidavit is based upon my personal knowledge, my review of reports by other law enforcement officers, my communications with other law enforcement officers, including the officer referenced in the probable cause section, information obtained from witnesses, and other evidence.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of the investigation.

## PROBABLE CAUSE

5. On April 15, 2025, a Honolulu Police Department ("HPD") Officer was on a routine patrol and observed a black, Nissan Frontier perform a traffic violation in and around Waimanalo, HI. Upon committing the violation, the vehicle parked at a nearby gas station. The HPD officer then approached the vehicle and identified the lone occupant as John Junior FRITZ. Based on the encounter, the HPD Officer requested an officer be dispatched to the vehicle's registered owner's address to receive a disposition for the vehicle. FRITZ, occupying the vehicle, was then released from the scene due to timeliness. The black, Nissan Frontier was reported stolen later that evening.

6. That night, the HPD Officer observed the black, Nissan Frontier parked in the Waimanalo, HI area. FRITZ was identified and seated in the front passenger seat and the front passenger door was open. FRITZ was the only occupant of the vehicle.

7. As the HPD Officer encountered FRITZ, he observed FRITZ abruptly shove his hand into a backpack that was positioned between his legs. Additionally, a digital scale was seen on FRITZ's lap that contained fragments of a white crystalline substance on top of the scale. FRITZ then closed the backpack and threw the scale on the ground outside the vehicle. As FRITZ exited the vehicle, the

HPD Officer observed a small "fanny pack" between FRITZ's legs. While detained, FRITZ uttered to the HPD Officer --- I not going down for the drugs, ah? FRITZ was then arrested by HPD for Unauthorized Control of a Propelled Vehicle 1st and Promoting a Dangerous Drug 3rd. The backpack, a small "fanny pack," and a digital scale covered in crystalline substance were recovered and seized as evidence.

8. On April 16, 2025, an HPD Criminalist determined the crystalline substance found on the digital scale to contain methamphetamine, cocaine, and Tetrahydrocannabinol with a net weight of approximately .0776 grams. Additionally, an HPD narcotics canine handler performed an inspection of the backpack and small "fanny pack" which alerted positive to the odor of narcotics.

9. On April 17, 2025, HPD obtained a search warrant for the search of the backpack and the small "fanny pack" recovered from the black, Nissan Frontier on April 15, 2025. As a result of the search, the following selection of drug-related items were located within the backpack and small "fanny pack," and sent for narcotics testing to the DEA Southwest Laboratory with the following results:

    a. BACKPACK: 353.4g ± 0.9g of methamphetamine contained in a Ziploc plastic bag; 444.9g ± 0.9g of methamphetamine contained in a Ziploc plastic bag; 105.1g ± 0.9g of methamphetamine contained in a

   Ziploc plastic bag; 0.73g ± 0.01g of methamphetamine contained in a Ziploc plastic baggie; 0.438g ± 0.002g of methamphetamine contained in a Ziploc plastic baggie; 1.23g ± 0.01g of cocaine base; and multiple empty Ziploc type bags.

  b. SMALL "FANNY PACK": 5.7g ± 0.2g of methamphetamine contained in a Ziploc plastic baggie; and two glass pipes.

10. Methamphetamine is a schedule II federally controlled substance.

11. Based on my training and experience in investigating narcotics cases, the totality of the circumstances with the items found in the vehicle, including the amounts of suspected controlled substances, drug paraphernalia, and a digital scale are consistent with distribution and not only personal use.

\\

\\

\\

\\

\\

## CONCLUSION

12. Based on the facts described above, and on my training and experience, I submit that there is probable cause to conclude that FRITZ possessed with the intent to distribute a controlled substance, namely 50 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Respectfully submitted,

Andrew J. Beckman
Special Agent
Drug Enforcement Administration

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 19th day of September, 2025, at Honolulu, Hawaii.



Kenneth J. Mansfield
United States Magistrate Judge